IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ILWU (HAWAII) EMPLOYERS GENERAL PENSION PLAN,<br><br>Plaintiff,<br><br>vs.<br><br>HOBAN E & C USA, INC.<br><br>Defendant. | Case No. 25-cv-00063-DKW-RT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

On February 11, 2025, Plaintiff ILWU (Hawaii) Employers General Pension Plan ("the Plan")—the former administrator of Defendant Hoban E & C USA, Inc.'s ("Hoban") employee benefits plan—initiated this action, seeking to compel Hoban to submit certain reports of employee hours and permit audits of its records, as allegedly required under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Collective Bargaining Agreement ("CBA") and appurtenant Trust Agreement between Hoban and ILWU Local 142 ("Union"). Dkt. No. 1. Hoban now seeks dismissal of the Complaint, arguing that: (1) Sections 103 and 104 of ERISA are inapplicable to Hoban and do not provide the Plan with a right to audit; (2) the CBA and Trust Agreement are inapplicable to Hoban, and thus there is no contractual basis for the Plan's claims; (3) the Plan lacks standing pursuant to the Trust Agreement to bring its claims; (4) the Plan's claims are time-

barred under the ERISA statute of limitations; and (5) the Plan has failed to allege that this Court has subject matter jurisdiction over its purely state law claims.  Dkt. No. 11.

Having reviewed the Complaint, the briefing on the motion to dismiss, and the record generally, the Court agrees in part.  Specifically, although this action appears to be timely, the Plan has failed to properly allege either that it has standing or that the Court has subject matter jurisdiction over this case.  Moreover, because neither party has appended the text of the Trust Agreement in full, the Court is unable to determine the merits of those claims.  As a result, Hoban's Motion to Dismiss, Dkt. No. 11, is GRANTED IN PART and DENIED IN PART, and the Complaint, Dkt. No. 1, is DISMISSED for lack of standing and subject matter jurisdiction.  Because it appears that these deficiencies may be remedied, dismissal is WITH LEAVE TO AMEND, as more fully explained below.

## FACTUAL & PROCEDURAL BACKGROUND

The Complaint alleges the following in relevant part:

Plaintiff ILWU (Hawaii) Employers General Pension Plan—a multiple employer benefit plan within the meaning of Sections 3 and 4 of ERISA, 29 U.S.C §§ 1002 & 1003—was created by a written trust agreement subject and pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186.  Compl. at ¶ 1, Dkt. No. 1.  The Plan receives, manages, and administers employee benefits

for Defendant Hoban E & C USA, Inc.'s covered employees. *Id.* at ¶ 4.[1] These benefits flow from contributions made by Hoban pursuant to the Collective Bargaining Agreement and Trust Agreement (collectively, the "Agreements") between Hoban and ILWU Local 42—the union representing the covered employees. *Id.*

As part of the Agreements, Hoban agreed to submit timely reports to the Plan regarding the hours worked by the covered employees and permit the Plan's representatives to examine and audit Hoban's payroll books and records to ensure full compliance with its payment obligations. *Id.* at ¶¶ 5 & 9. Despite the Plan's demands that Hoban do so, however, Hoban has failed to comply. *Id.* at ¶¶ 6–7, 10–11.

Consequently, on February 11, 2025, the Plan filed suit, seeking damages and an Order compelling specific performance of Hoban's obligations to submit the overdue reports and permit audit of its payroll books and records. *Id.* at 7–8. On April 10, 2025, Hoban responded with a motion to dismiss, asserting that: (1) Sections 103 and 104 of ERISA do not provide the Plan with a right to compel an audit; (2) the Agreements do not apply to Hoban and/or do not provide a contractual right to audit; (3) the Plan lacks standing to bring its claims; (4) the

---

[1] Based on the parties' briefs, it appears the Plan no longer performs these services and has not since 2022.

Plan's claims are time-barred under the ERISA statute of limitations; and (5) the Plan failed to allege federal subject matter jurisdiction over its state law claims. Dkt. No. 11. The Plan filed a brief in opposition on May 2, 2025, Dkt. No. 13, and Hoban replied on May 9, 2025, Dkt. No. 14. Pursuant to Local Rule 7.1(c), the Court elected to decide this matter without a hearing. Dkt. No. 16. This Order now follows.

## STANDARD OF REVIEW

### I. Rule 12(b)(1)

Challenges to the Court's subject matter jurisdiction are brought pursuant to Federal Rule of Civil Procedure 12(b)(1).[2] Once challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation marks and citation omitted).

A Rule 12(b)(1) motion may contain either a facial or a factual attack. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual

---

[2] A motion to dismiss for lack of standing is also properly brought as a challenge to the Court's subject matter jurisdiction under Rule 12(b)(1). *See Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023); *see also Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) ("Standing is a threshold matter central to [the Court's] subject matter jurisdiction.").

attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Because subject matter jurisdiction concerns the power of the Court to hear the case, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## II.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is considered facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. As a result, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice," nor do factual allegations that only permit the Court to infer "the mere possibility of misconduct." *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555).

## III. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Although this rule is generally applied with "extreme liberality," the Court may nevertheless deny leave to amend when: (1) it would prejudice an opposing party; (2) it is sought in bad faith; (3) it would produce an undue delay in litigation; (4) it would be futile; or (5) there has been repeated failure to cure a deficiency. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation marks and citation omitted); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

## I. Subject Matter Jurisdiction

Because subject matter jurisdiction concerns the power of the Court to hear the case, *Arbaugh*, 546 U.S. at 514, the Court begins with Hoban's argument that because "Plaintiff has pled claims for specific performance, assumpsit and damages, a traditional State Common Law claim, Plaintiff has failed to allege

sufficient facts showing that it is plausible that this Honorable Court has federal jurisdiction over a traditional State Common Law claim." Dkt. No. 14 at 6.

Federal courts have original subject matter jurisdiction[3] over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a civil action "arises under" federal law, the Court is bound by the "well-pleaded complaint rule[] which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (quotation marks and citation omitted).

Here, the Plan claims federal subject matter jurisdiction pursuant to ERISA—a federal statute. *See* Dkt. No. 1-2 at 1 (describing the cause of action as "[c]ollection of delinquent trust fund contributions under ERISA"). But review of the Complaint reveals that the only two counts—breach of contract and specific performance—are brought solely under *state law*. *See* Compl. at ¶¶ 5–11 (requesting that Hoban be ordered to specifically perform its reporting and audit obligations "pursuant to the Agreements"); *Young v. City & Cnty. of Honolulu*, 630 F.Supp.2d 1233, 1247 (D. Haw. 2009) (characterizing specific performance as a

---

[3]The Court does not address diversity jurisdiction, as the Plan claims only federal question jurisdiction and, in any case, both parties appear to be citizens of Hawaiʻi. *See* Compl. at ¶¶ 1–2; Dkt. No. 1-2 at 1; 28 U.S.C. § 1332.

state law claim).  And while the Plan asserts elsewhere[4] that federal subject matter jurisdiction "is founded on questions arising . . . under 29 U.S.C. §§ 1145 and 1132(a) and (f)" and is "proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a)," such allegations appear *nowhere* in the Complaint itself.  *See* Dkt. No. 15 at 4 (scheduling conference statement); *see generally* Compl. at ¶¶ 1–17.  Consequently, because no "federal question is presented on the face of the plaintiff's properly pleaded complaint," *Caterpillar Inc.*, 482 U.S. at 392, there is no federal subject matter jurisdiction, and the Court must DISMISS the Complaint.  Nevertheless, because it appears that the Plan may be able to allege federal subject matter jurisdiction pursuant to ERISA, *see* Dkt. No. 15 at 4, the Court allows LEAVE TO AMEND.

## II.   Standing

The lack of subject matter jurisdiction is dispositive.  Nevertheless, because standing is likewise a threshold inquiry and leave to amend may cure the jurisdictional defect, the Court also addresses Hoban's factual challenge that the

---

[4]When considering a Rule 12(b)(1) challenge to subject matter jurisdiction, the Court is not constrained to the pleadings and may "hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  Where the Court does so, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Plan lacks standing to bring suit under the Trust Agreement. *See* Dkt. No. 11 at 4–5; Dkt. No. 14 at 3–4; *Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("[S]tanding . . . is the threshold question in every federal case, determining the power of the court to entertain the suit.").

According to Hoban, Sections III.C and VI.D of the Trust Agreement exclusively "grant[] the Joint Board the authority to sue or be sued on behalf of the Plan." *See* Dkt. No. 14 at 3; Dkt. No. 11 at 4–5. However, "the Joint Board is not a party to this action," and the Complaint does not "plead a proper designee by the Joint Board." Dkt. No. 11 at 5. As such, Hoban argues that this action must be dismissed for lack of standing because "the Complaint fails to name the proper party to sue or be sued under the Trust Agreement with authority under the Trust Agreement of 1975 to demand an audit." *Id.*

The Plan does not dispute that the Joint Board is the proper entity authorized by the Trust Agreement to sue or be sued. Dkt. No. 13 at 8–9. Rather, the Plan contends that it has standing because it "is representative of the Joint Board, which has authorized and directed the filing of its claim." *Id.* at 9. The Plan therefore argues that because "the Joint Board has correctly assigned the ILWU (Hawaii) Employers General Pension Plan to pursue its own claim, [] the presence of the Joint Board as Plaintiffs in this lawsuit is not necessary for the claim to be properly adjudicated." *Id.*

That may be true. Nevertheless, at this point, it is impossible to tell because the Plan, as with its jurisdictional omissions, has failed to *substantiate* its claim of assignment—either by making such allegations in the Complaint or by providing any evidence outside the pleadings[5] which would support its authority to sue as the Joint Board's assignee. *See* Compl. at ¶ 1; Dkt. No. 11-4 at 7–8, 23; Dkt. No. 13 at 8–9; Dkt. No. 14 at 7–8. However, because such defect again appears easily remediable, *see* Dkt. No. 13 at 9, the Court grants the Plan LEAVE TO AMEND.

## III. Statute of Limitations

Beyond its standing and subject matter jurisdiction arguments, Hoban contends that the Plan's claims are "barred by the plain meaning of the applicable ERISA statute of limitations, 29 U.S.C. [§] 1451(f)." Dkt. No. 14 at 4. Under Section 1451(f), a plaintiff may bring an ERISA action within the later of:

(1) 6 years after the date on which the cause of action arose, or

(2) 3 years after the earliest date on which the plaintiff acquired or should have acquired actual knowledge of the existence of such cause of action; except that in the case of fraud or concealment, such action may be brought not later than 6 years after the date of discovery of the existence of such cause of action.

Here, according to Hoban, "[t]he Plan was aware of Hoban's non-compliance as early as April 6, 2022, when it first requested the audit documents."

---

[5] Because factual challenges to standing are also brought as an attack on the Court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court may consider materials outside the pleadings without converting the motion to dismiss into a motion for summary judgment. *See Jones*, 74 F.4th at 1057 n.2.

*See* Dkt. No. 14 at 4; Dkt. No. 11 at 9; Dkt. No. 11-6. As a result, Hoban claims that "[t]he Plan's delay in filing this lawsuit until February 2025 exceeds the three-year ERISA limitations period, and its claim is therefore untimely." Dkt. No. 14 at 4–5.

This argument fails for a simple mathematical reason. Even assuming that the Court could consider the Plan's April 6, 2022 request as evidence of when the limitations period was triggered—which, on a Rule 12(b)(6) motion, it cannot—three years from that date is April 6, 2025. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). As Hoban acknowledges, this suit was filed on February 11, 2025. *See* Compl. at 8; Dkt. No. 14 at 4–5. Thus, even by Hoban's asserted timeline, the Plan filed its Complaint approximately two months *before* the statute of limitations expired.[6] This action is therefore well within the limitations period, and the Court DENIES Hoban's motion to dismiss on this ground.[7]

## IV.   ERISA and the Agreements

The Court lastly addresses Hoban's remaining arguments—that the Complaint should be dismissed because the Plan has failed to cite to any source

---

[6] This also presumes that three years is the correct limitations period. *See* 29 U.S.C. § 1451(f) (providing that an ERISA action must be brought within six years of the date on which the cause of action accrued or three years of the date on which the plaintiff acquired or should have acquired knowledge of the cause of action—whichever is *later*.)

[7] Hoban relatedly argues that because "[t]he three-year statute of limitation[s] has expired, . . . Plaintiff should not be allowed leave to amend the Complaint"—for example, to assert new jurisdictional or standing-related facts. *See* Dkt. No. 14 at 5. Because Hoban's limitations argument lacks basis, *see supra* 10–11, the Court declines to deny leave to amend on this ground.

granting it the right to compel an audit, such as "a mandatory ERISA provision, a provision in the CBA mandating an audit or a provision in the Trust Agreements mandating an audit." Dkt. No. 14 at 6.

The import of the "mandatory ERISA provision" piece of Hoban's argument is far from clear. That is because Hoban repeatedly asserts that any right to an audit is *not* grounded in ERISA, *see, e.g.*, Dkt. No. 11 at 5, an assertion with which the Plan appears to agree, *see, e.g.*, Dkt. No. 13 at 6 (noting that ERISA does not prohibit an audit, but not addressing whether it authorizes one). *See Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1493 (9th Cir. 1990) (declining to "decide whether ERISA confers upon the Fund the right to audit because the Trust Agreement gives the Fund the right to audit [the employer's] records, despite the fact that the collective bargaining agreement is silent on the issue").

The parties further appear to agree that any right to an audit must be grounded in a contract, such as the Trust Agreement or the CBA. That is what the Complaint alleges and that is what Hoban repeats. *See, e.g.*, Compl. at ¶¶ 9, 11; Dkt. No. 11 at 5. Yet, as Hoban contends, there is nothing in the Complaint that identifies which portion of the Trust Agreement and/or CBA the Plan is relying on for its supposed audit right, nor is any language providing for such a right mentioned in the Complaint. *See* Compl. at ¶¶ 8–11. As such, the Court is unable

to determine—on the current record—whether the Plan has stated a claim for relief that is plausible on its face. To the extent that it intends to continue pursuing claims under the Agreements, it is the Plan's burden to identify the portions of the Agreements with sufficient specificity to allow assessment of the viability of its claims. *See Au v. Au*, 626 P.2d 173, 181 (Haw. 1981) (holding that a breach of contract claim must specify which provisions have been breached); *see also Shaughnessy v. Wellcare Health Ins., Inc.*, 2016 WL 7107225, at *3 (D. Haw. Dec. 5, 2016) (collecting cases). The Plan is GRANTED LEAVE TO AMEND to do so.[8]

## CONCLUSION

For the reasons set forth herein, Defendant Hoban E & C USA, Inc.'s motion to dismiss, Dkt. No. 11, is GRANTED IN PART and DENIED IN PART, and the Complaint, Dkt. No. 1, is DISMISSED WITH LEAVE TO AMEND to cure the defects identified above.

The Plan may have until **June 13, 2025** to file an amended Complaint. **The Court cautions the Plan that failure to file an amended Complaint, consistent**

---

[8]Hoban identifies several other potential reasons why any contractual right to audit would still be problematic, even if identified. Those reasons include whether the parties are signatories of any relevant contract and whether Hoban remains obligated in 2025 to perform that which it might been obligated to perform in 2022. Dkt. No. 14 at 2-3, 7. The Court declines to reach these issues until the threshold inquiry of an audit right is established in the first instance.

**with the guidance in this Order, by that date will result in the automatic dismissal of this action without prejudice and without further notice.**

IT IS SO ORDERED.

DATED: May 29, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*ILWU (Hawaii) Employers General Pension Plan v. Hoban E & C USA, Inc.*; Civ. No. 25-00063-DKW-RT; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**