IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ILWU (HAWAII) EMPLOYERS GENERAL PENSION PLAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>HOBAN E & C USA, INC.<br><br>    Defendant. | Case No. 25-cv-00063-DKW-RT<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**[1] |

On August 8, 2025, Defendant Hoban E & C USA, Inc. ("Hoban") moved to dismiss the First Amended Complaint filed by Plaintiff ILWU (Hawaii) Employers General Pension Plan ("the Plan"). Dkt. No. 28. Hoban argues, *inter alia*, that this Court lacks subject matter jurisdiction over the Plan's suit, which principally seeks to compel Hoban to submit employee-hour reports and permit an audit of its records. *Id*.

Having reviewed the operative pleadings, the parties' briefs, and the relevant legal authorities, the Court agrees that it lacks jurisdiction and that dismissal is appropriate. Accordingly, the motion to dismiss is GRANTED, and since this is not the first time the Court has cautioned the represented parties about its jurisdictional

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

concerns (*see, e.g.*, Dkt. No. 19 at 6-8), dismissal this time, as further explained below, is without leave to amend.

## FACTUAL & PROCEDURAL BACKGROUND

The Court previously addressed the factual background of this action in its May 29, 2025 Order on Hoban's first motion to dismiss. *See ILWU (Hawaii) Emps. Gen. Pension Plan v. Hoban E & C USA, Inc.*, 2025 WL 1547727, at *1–2 (D. Haw. May 29, 2025). Nonetheless, in light of the subsequently-filed First Amended Complaint, Dkt. No. 20, the Court summarizes the relevant facts below.

The Plan is a multiple employer benefit plan within the meaning of Sections 3 and 4 of ERISA, 29 U.S.C §§ 1002 & 1003, created by a written trust agreement subject and pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186. Dkt. No. 20 ¶ 1. The Plan receives, manages, and administers employee benefits for Hoban's covered employees -- namely, golf course grounds maintenance workers. *Id.* ¶ 6. These benefits derive from Hoban's contributions, made pursuant to the Collective Bargaining Agreement ("CBA") between Hoban and ILWU Local 42—the union representing the covered employees—and a 1975 ILWU Trust Agreement (collectively, the "Agreements"). *Id.* Pursuant to the Agreements, the Plan claims the authority to require Hoban to submit timely reports of hours worked by covered employees and permit audits of business records to ensure compliance with payment obligations. *Id.* ¶ 7.

As of February 28, 2022, Hoban was no longer signatory with the ILWU Local 42. *Id*. ¶ 12. On April 6, 2022, the Plan's administrator acknowledged the termination of the Hoban-ILWU relationship and requested to conduct a closing audit, which involved Hoban's provision of certain payroll records and other documents, pursuant to the Agreements. *Id*. Hoban refused to comply, and no audit took place. *Id*.

The Plan seeks damages and specific performance of Hoban's purported obligations to submit the requested records and allow the closing audit. *Id*. at 10, ¶¶ 1–5. The Plan claims federal-question jurisdiction, asserting that Hoban's failure to permit an audit constitutes a violation of ERISA. *Id*. ¶ 3, 9–21.

On February 11, 2025, the Plan filed the present action. Dkt. No. 1. On April 10, 2025, Hoban filed its first motion to dismiss. Dkt. No. 11. On May 29, 2025, the Court granted in part and denied in part Hoban's motion to dismiss, concluding, as relevant here, that the Plan failed to state a basis for subject matter jurisdiction.[2] *ILWU*, 2025 WL 1547727, at *1–2. The Court, however, granted the Plan leave to amend and, on June 13, 2025, the Plan timely filed the First Amended Complaint. Dkt. No. 20.

---

[2] In analyzing the Plan's original complaint, the Court concluded that the only stated claims—breach of contract and specific performance—were brought under state law, and therefore the Plan had not stated a basis for subject matter jurisdiction under 28 U.S.C. Section 1331. *ILWU*, 2025 WL 1547727, at *3.

On August 8, 2025, Hoban moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), asserting that (1) this Court lacks subject-matter jurisdiction because any right to audit referenced by the Plan is conferred by contract and not federal law; (2) the Agreements do not provide a contractual right to audit; and (3) the Plan lacks standing to bring its claims.[3]  Dkt. No 28.  On September 5, 2025, the Plan filed an opposition, Dkt. No. 31, to which Hoban replied one week later, Dkt. No. 32.

## STANDARD OF REVIEW

**I.      Rule 12(b)(1)**

Challenges to the Court's subject matter jurisdiction are brought pursuant to Federal Rule of Civil Procedure 12(b)(1).  Once challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation marks and citation omitted).

A Rule 12(b)(1) motion may contain either a facial or a factual attack. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the

---

[3] Because the Court has determined that it lacks subject matter jurisdiction, it does not address Hoban's remaining arguments, including standing.

challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Because subject matter jurisdiction concerns the power of the Court to hear the case, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## II.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is considered facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* As a result, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice," nor do factual allegations that only permit the Court to infer "the mere possibility of misconduct." *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

The crux of the present motion to dismiss is whether the Court has subject matter jurisdiction over the claims asserted in the First Amended Complaint. Because the jurisdictional question determines whether the Court has the power to hear the case, *Arbaugh*, 546 U.S. at 514, the Court must answer that question first. Upon review of the First Amended Complaint, the parties' briefs, and relevant case law, the Court concludes that subject matter jurisdiction is lacking.

Federal courts have original subject matter jurisdiction[4] over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a civil action "arises under" federal law, the Court is bound by the "well-pleaded complaint rule[] which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (quotation marks and citation omitted).

---

[4] The Court does not address diversity jurisdiction: the Plan relies solely on federal-question jurisdiction and, regardless, both parties appear to be citizens of Hawaiʻi. *See* Dkt. No. 20 ¶ 1–3; 28 U.S.C. § 1332.

The Plan principally relies upon ERISA to provide a basis for subject matter jurisdiction, specifically invoking Sections 502 and 515, 29 U.S.C. §§ 1132 & 1145, which govern enforcement of employer contributions to pension and welfare funds. Dkt. No. 20 ¶ 14.  Section 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Section 502 further provides that civil actions may be brought:

> [B]y a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132(a)(3).  Through these provisions, the Plan argues that Hoban's refusal to permit a closing audit or disclosure of requested records—which prevents the Plan from determining if contributions were properly made—constitutes a violation of ERISA, warranting equitable relief in the form of specific performance. Dkt. No. 20 ¶¶ 25.

These provisions do not provide a basis for jurisdiction as the Plan contends. To begin, Section 515 states that employers must make contributions "under *the terms of the plan* or under *the terms of a collectively bargained agreement*."  29

U.S.C. § 1145 (emphasis added). The adequacy of contributions, in other words, is governed by contract, not by the statute. Nor does Section 515 address audit rights.

The Plan argues that ERISA creates a "fiduciary responsibility to verify contribution information" via "routine audits," Dkt. No. 31 at 8, citing to *Central States, Southeast & Southwest Areas, Pension Fund v. Central Transp., Inc.,* 472 U.S. 559 (1985). While *Central States* acknowledged that audit powers were "well within the authority" of a plan's trustees, it did so only where those audit powers were "outlined in the trust documents." *Id*. at 581. The Supreme Court, in fact, explicitly stated that it had "no occasion to determine whether ERISA would independently confer on the trustees a right to perform the sort of audit demanded in this case." *Id*. The Ninth Circuit, in approaching the same issue, has also declined to conclude that ERISA confers a right to audit independent of contract. *See Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1493 (9th Cir. 1990) ("We do not decide whether ERISA confers upon the [f]und the right to audit because the [t]rust [a]greement gives the [f]und the right to audit[.]"). Instead, courts analyzing if parties to a collective bargaining agreement have a right to audit "have looked to a provision in the applicable trust agreement providing the right to an audit and defining the scope of that right." *Reg'l Loc. Union Nos. 846 & 847, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers, AFL-CIO v. LSRI, LLC*, 2022 WL 18063168 (D. Or. Dec. 30, 2022) (collecting cases).

For these reasons, the Plan's First Amended Complaint presents a serious and ultimately insurmountable jurisdictional problem. Unable to identify any but the most general ERISA provision that says nothing about the Plan's supposed audit rights, and unable to offer any cases that lend support to grounding this action in ERISA, with the only relevant ones, in fact, pointing instead to contract, the Plan's allegations amount to claims for breach of contract and specific performance, both of which are the exclusive province of state law. *See Marine Petroleum Corp. v. Osceola Cruises LLC*, 2020 WL 247477, at *2 (D. Haw. Jan. 16, 2020) ("[T]he complaint does not present a federal question, as it is entirely premised upon [d]efendants' alleged breach of contract, a state law claim." (citing *Caterpillar*, 482 U.S. at 394–399)); *Young v. City & Cnty. of Honolulu,* 630 F.Supp.2d 1233, 1247 (D. Haw. 2009) (categorizing breach of contract and specific performance as state law claims). Indeed, despite its protestations, that is precisely how the Plan began this case, pleading only breach-of-contract and specific-performance claims in the original complaint. *See* Dkt. No. 19 at 7.

Given the above facts, the Court finds that the Plan fails to show how the claims asserted in the First Amended Complaint arise out of ERISA. The statute does not provide an independent right to audit, and no court has found to the contrary—the Plan is instead dependent upon *contract* to provide that right, and a

contract dispute, without more, is outside the limited jurisdiction of this Court. Accordingly, dismissal is the Court's only option.

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Although this rule is generally applied with "extreme liberality," the Court may nevertheless deny leave to amend when: (1) it would prejudice an opposing party; (2) it is sought in bad faith; (3) it would produce an undue delay in litigation; (4) it would be futile; or (5) there has been repeated failure to cure a deficiency. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation marks and citation omitted); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Here, the Court dismissed the original complaint with leave to amend on the same jurisdictional grounds, noting that the complaint failed to establish ERISA as a basis for jurisdiction. *See ILWU*, 2025 WL 1547727, at *3. Because the Court has already given the Plan an opportunity to remedy the jurisdictional deficiency to no avail, further leave to amend is denied. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting "failure to cure deficiencies by amendments previously allowed" as grounds for denying leave to amend).

## CONCLUSION

For the reasons set forth above, Hoban's Motion to Dismiss First Amended Complaint, Dkt. No. 28, is GRANTED. The First Amended Complaint is DISMISSED without leave to amend.

The Clerk is instructed to enter Judgment pursuant to this Order in favor of Hoban and then close this case.

IT IS SO ORDERED.

DATED: December 12, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*ILWU (Hawaii) Employers General Pension Plan vs. Hoban E&C USA, Inc.*; Civil No. 25-00063 DKW-RT; **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**